

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-1-2005

# Hughes v. Papa

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1978

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Hughes v. Papa" (2005). *2005 Decisions.* Paper 280.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/280

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-1978
_____

NANCY L. HUGHES,

Appellant
v.


JOSEPH PAPA; FIRST
UNION SECURITIES

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 03-CV-03643)
District Judge: Honorable Jerome B. Simandle

_____


Submitted Under Third Circuit LAR 34.1(a)
October 11, 2005

Before: RENDELL, AMBRO and FUENTES, <u>Circuit</u> <u>Judges</u>

(Filed: November 1, 2005)


_____

OPINION
_____


PER CURIAM

Nancy L. Hughes appeals from an order of the United States District Court for the

District of New Jersey, dismissing her complaint for lack of subject matter jurisdiction.[1] Hughes' complaint sought to vacate an arbitration award entered by the National Association of Security Dealers, Inc. As the District Court correctly noted, the Federal Arbitration Act, 9 U.S.C. § 1, et seq., does not provide an independent basis for federal question jurisdiction. Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 25 n.32 (1983); PaineWebber, Inc. v. Faragalli, 61 F.3d 1063 (3d Cir. 1995). The District Court also properly noted that Hughes and the defendants are all citizens of New Jersey; thus, there was no basis for diversity jurisdiction pursuant to 28 U.S.C. § 1332. As Hughes pleaded no other basis for subject matter jurisdiction, the District Court could not reach the merits of the complaint, and properly dismissed the action.[2] We will affirm the District Court's judgment.[3]

---

[1] Hughes filed a timely motion for reconsideration in the District Court, which was denied. Because Hughes did not file a second notice of appeal or an amended notice of appeal, we do not have jurisdiction to consider the order denying the motion for reconsideration.

[2] Although defendants did not raise the jurisdictional issue in their motion to dismiss in the District Court, Hughes was on notice of the jurisdictional problem when the District Court entered its final order. She had an opportunity to respond to the jurisdictional defect in her motion for reconsideration, but the motion does not indicate how the District Court might assert subject matter jurisdiction; in fact, the motion states: "The Court does not have subject matter jurisdiction over this following matter . . . ."

[3] Hughes' motion to expand the record to include four cassette tapes, which she says are the tapes from the arbitration proceeding, is denied. The tapes have no bearing on the issue before this Court, namely, whether the District Court properly dismissed Hughes' complaint for lack of jurisdiction. Further, this Court "cannot consider material on appeal that is outside of the district court record." In re Capital Cities/ABC, Inc.'s Application for Access to Sealed Transcripts, 913 F.2d 89, 96 (3d Cir. 1990).